[No. 6047.]

# V. A. GREGG v. J. C. PEMBERTON, TREASURER OF KERN COUNTY.

JUDGMENT ROLL IN MANDAMUS PROCEEDINGS.—Upon an appeal from a final judgment ordering a peremptory writ of mandate, neither the writ, the Sheriff's return thereon, nor an acknowledgment of satisfaction thereon, constitute a part of the judgment roll.

RECORD ON APPEAL.—Nor do such papers form part of the record on an appeal from an order refusing to change the place of trial.

INTEREST ON THE PART OF THE JUDGE.—A showing that the Judge before whom an issue as to the validity of county warrants is to be tried formerly held similar warrants, is not a sufficient showing that the Judge is interested in the subject matter of the litigation.

PREMATURE JUDGMENT.—Where an answer to an alternative writ of mandate states several facts as defenses to the action, judgment should not be given until the issues have been disposed of.

APPEAL from the District Court of the Sixteenth Judicial District, Kern County.

The plaintiff filed his petition averring that he had presented to the defendant, as County Treasurer, a county warrant, regularly issued, and demanded payment thereof ; but the defendant, though having funds for that purpose, refused to pay the warrant. He asked for a mandamus requiring the defendant to pay the warrant. The defendant appeared, and moved for a change of venue, on the ground that the Judge was interested, having formerly held similar warrants. The motion was denied, and judgment was subsequently given ordering a peremptory writ of mandate upon the pleadings. The defendant paid the warrant in obedience to the writ, and the Sheriff made his return accordingly. The defendant then appealed from the final judgment, and from the order denying his motion for a change of venue.

*Stetson & Houghton* and *Geo. E. Otis*, for Appellant.

*R. E. Arick*, for Respondent.

By the COURT:

The defendant appealed from the order refusing to change the place of trial, and from the final judgment ordering a peremptory writ of mandate to be issued. The plaintiff contends that an appeal will not lie because the judgment was satisfied— that is to say, that the defendant had obeyed the peremptory mandate. For proof of the fact he relies upon the peremptory writ, the Sheriff's return of service, and the plaintiff's acknowledgment of satisfaction of the writ, by means of the payment of the warrants indorsed upon the writ. But neither the writ, the return, nor the plaintiff's indorsement constitutes a portion of the judgment roll, and, therefore, cannot be considered on an appeal from the judgment. They clearly do not constitute a part of the record on the appeal from the order refusing to change the place of trial.

We are not to be understood as holding that if those papers had been presented on a motion to dismiss the appeal, or some

other proper proceeding, the defendant's right of appeal would be deemed to have been waived or cut off by his obedience of the peremptory writ.

With respect to the motion for a change of the place of trial, it is sufficient to say that the defendant's affidavits do not show that the Judge who tried the action was interested therein. The fact that he had formerly held warrants issued upon the same consideration as those involved in the action does not make him interested in the last mentioned warrants, or in the action to compel their payment.

The plaintiff moved for and the Court gave judgment for the plaintiff upon the pleadings. The answer stated several facts as defenses to the action: among others, that John M. Brite, one of the two who voted for the purchase by the county of the toll roads, was not then a Supervisor of that county; also that no commissioners were appointed to appraise the value of the old Baker grade toll road—one of the two roads mentioned in the resolution. It is unnecessary to examine the answer further at this time. It was error to order judgment for the plaintiff until the issues presented by the answer had been disposed of.

Order refusing to change place of trial affirmed. Judgment reversed, and cause remanded for a new trial.

CROCKETT, J., concurring:

I concur in the judgment of reversal and in the opinion, except in so far as it holds that the Judge was not disqualified on the facts stated in the affidavits. On that point I dissent.